GLADNEY, Judge.
This action in tort arises from an automobile collision which occurred at the intersection of South Farmerville Street and Chatham Road in Ruston, Louisiana, about 10:00 o’clock P.M., June 2,1961. The plaintiff, Dennis Long, appearing individually and as administrator of the estate of his minor son, Larry Long, seeks recovery for property damage to his automobile, for personal injuries and disfigurement to his son, and incidental medical expenses, alleging that the sole proximate cause of the accident was due to the negligence of Alice Pesnell, the minor daughter of Leon Pesnell. Made defendants are Leon Pesnell, the owner of the automobile driven by his daughter, and his liability insurer, Maryland Casualty Company, who deny any negligence on the part of Alice Pesnell, and, alternatively, rest their defense on a special plea of contributory negligence. From a judgment sustaining the plea of contributory negligence, and rejecting plaintiff’s demands, the latter has appealed.
The controversial issues are of a factual nature and primarily raise the question as to whether the plaintiff has established by a preponderance of the evidence that the sole proximate cause of the collision was the negligence of Alice Pesnell.
At the scene of the accident the Chatham Highway runs generally east and west. There is a large hill on Chatham Highway *81 approximately 782 feet east of the intersection of said road with South Farmerville Street. After its intersection with South Farmerville Street the Chatham Road dead ends one-half block west of the intersection. There were no stop signs at the intersection, but there was an overhead flashing signal. The Captain of the Ruston Police Department testified the light was flashing- red toward traffic on South Farmerville Street, but that it was supposed to have been yellow both for traffic proceeding on South Farmerville Street and traffic going west on Chatham Road. He testified that both streets had the right-of-way and that the speed limit at that point is thirty-five miles per hour.
Alice Pesnell testified that she was driving south on South Farmerville Street in her father’s Chevrolet at a speed of from ten to fifteen miles per hour; that as she approached the intersection she slowed down, intending to make a left turn at the Chat-ham Road; and that after she had executed the left turn and proceeded on the Chat-ham Road about a car’s length from the intersection her vehicle was struck by the Oldsmobile automobile driven by Larry Long, who was traveling west on the Chat-ham Road.
Larry Long, who was seventeen years of age at the time, and his two companions, Dean Atkins and Rex Nolan, were returning to Ruston from a ball game, proceeding west on Chatham Road. Long testified that he was traveling from thirty to forty miles per hour as he approached the intersection of Chatham Road and South Farmerville Street; that he first saw the vehicle driven by Miss Pesnell from a distance of twenty to thirty yards, at which time the Chevrolet was in the process of completing a left turn; that Miss Pesnell “cut the corner” and remained entirely in her left hand lane, the north lane of Chatham Road and the traffic lane reserved for plaintiff’s automobile; and that he attempted to avoid the collision by turning his car to the left and increasing his speed. This attempt to avert the accident failed and the collision occurred when the right front of the Oldsmobile struck the left front of the Chevrolet. The testimony of Larry Long was corroborated by Dean Atkins, but Rex Nolan knew very little of the incidents leading up to the wreck. Atkins testified that Long was traveling from thirty to thirty-five miles per hour as he approached the intersection and that the Pesnell car was in its left lane when the collision occurred.
The testimony of Miss Pesnell, who stated that the Long vehicle was traveling too fast to make the turn at the intersection, was corroborated as to the speed of the Oldsmobile by Mrs. Edith Lamkin, Sylvester Mack and H. A. Oxford.
The Pesnell car came to rest about the center of the intersection of South Farmer-ville Street and the Chatham Road, facing in a northeasterly direction and the Oldsmobile stopped on the south side of Chatham Road, from fifty to sixty feet west of South Farmerville Street, facing in a westerly direction. At the time of the impact the front wheels of the Oldsmobile were disconnected from its frame and a scar mark was left on the pavement as the vehicle moved to its point of rest. This mark began twenty feet east of the east curb line of South Farmerville Street and a few feet south of the center line of the Chatham Road and trailed the Oldsmobile a distance of 118 feet to the place where it finally stopped.
The decision of the trial court turned upon a finding that the Long vehicle was traveling at a high rate of speed and entirely too fast for its driver to have proper control over his motor vehicle, and in that respect Larry Long was guilty of contributory negligence which barred the recovery of damages by the plaintiff. The judge a quo resolved that the physical facts substantiated the testimony of those witnesses who testified that the Oldsmobile was traveling at an excessive rate of speed.
From our examination of the record, the judgment is manifestly correct, and accordingly, it will be affirmed at appellant’s cost.